# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LAWRENCE PADRTA and ) <br> RONALD D. HOLMAN, on behalf of ) <br> Themselves and all other ) <br> Similarly situated, ) <br> ) <br>                             Plaintiffs, ) <br> ) <br> v.                                      ) <br> ) <br> LEDAR TRANSPORT, INC.     ) <br> ) <br>                             Defendant. ) | Case No. 96-0324-CV-W-2 |

# ORDER

Currently pending before the Court is Ledar Transport Inc.'s Motion and Amended Motion to Quash Subpoena or in the Alternative for a Protective Order Limiting the Scope of the Subpoena (Docs. # 180,181).

On May 12, 2004, the Court entered Judgment in this matter including a money judgment against Ledar Transport, Inc. In aid of execution on the judgment, plaintiffs issued a subpoena to the First National Bank of Missouri[1], seeking the following documents from not only defendant Ledar, but also from the following non-party individuals: Carl Higgs, Alice Norma Higgs, Scott Higgs, Hawthorn Leasing, Hawthorne Leasing and/or Jayco, Inc. The documents which were requested were "[a]ny and all bank statements, account statements, memoranda, reports, writings, account

---

[1] Plaintiffs state that defendant's Motion refers only to the subpoena issued to the First National Bank of Missouri, but plaintiffs state that a subpoena requesting identical documents as to the same parties was also issued to the Blue Ridge Bank & Trust Co. The Court's Order thus will apply to both subpoenas.

summaries, registers, financial statements and other Documents referring, relating or pertaining to any and all accounts maintained by Ledar Transport, Carl E. Higgs, Alice Norma Higgs, Scott L. Higgs, Hawthorn Leasing, Hawthorne Leasing and/or Jayco, Inc. from January 1, 1999 through the present."

Ledar argues that post-judgment discovery should be limited in scope and that in the absence of a federal statute or rule specifically establishing the scope of discovery, the Court should borrow the Missouri state court rules concerning post judgment discovery. Ledar states that Missouri has a specific rule pertaining to discovery in aid of execution. Under Missouri Supreme Court Rule 76.28, the judgment creditor may obtain discovery by several different means. Ledar states that the Missouri Court rules specifically limit the scope of post judgment discovery. Ledar states that Missouri Supreme Court Rule 76.28, states: "However, the scope of post judgment discovery shall be limited to matters, not privileged, that are relevant to the discovery of assets, including insurance, or income subject to execution or garnishment for the satisfaction of judgments." Ledar states that where the Federal Rules of Civil Procedure are silent concerning post judgment discovery, applying the Missouri rule in this matter as provided in Fed.R.Civ.P. 69, is warranted. Ledar argues that in the present case, judgment is against one party - Ledar Transport, Inc. Ledar states that the subpoena issued to First National Bank is overly broad and should be limited in scope.

In opposition to the Motion, plaintiffs state that despite Ledar's urging that the scope of post-judgment discovery should be limited in scope, the caselaw provides just the opposite. Plaintiffs cite to FDIC v. LeGrand, 43 F.3d 163, 172 (5th Cir. 1999) where the court stated: "[t]he scope of postjudgment discovery is very broad to permit a

2

judgment creditor to discover asserts upon which execution may be made." Additionally, plaintiffs note that the Eighth Circuit has specifically stated that post-judgment discovery may be had against third parties. In Credit Lyonnais S.A. v. SGC Int'l. Inc., 160 F.3d 428 (8th Cir. 1998), the Court stated: "[t]he Rule [Fed.R.Civ.P. 69(a) further provides that the judgment creditor 'may obtain discovery from *any person* . . . in the manner provided in these rules or . . . by the practice of the state in which the district court is held.'" Id. at 430 (emphasis added).

Plaintiffs state that all the parties named in the subpoena have demonstrated a close connection to and control over the defendant. Plaintiffs state that the subpoenas seek to discover information tracing defendant's transfer and concealment of its assets and therefore are a proper means of post-judgment discovery. The Court agrees.

Fed.R.Civ.P. 69(a) states in part:

In aid of the judgment or execution, the judgment creditor or successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed.R.Civ.P. 45(c)(3)(A)(iv) states that a court by which a subpoena was issued may quash or modify a subpoena if it subjects a person to undue burden. Ledar argues that the subpoenas in the instant case are unduly burdensome because they are overbroad and plaintiffs can obtain the information which they seek through discovery in the related case of OOIDA v. Ledar et al., Case No. 00-0258-CV-W-2.

However, as the Court noted in Williams v. City of Dallas, 178 F.R.D. 103 (N.D. Tex. 1998), "[t]he movant has the burden of proof . . .and must meet the heavy burden of establishing that compliance with the subpoena would be unreasonable and

3

oppressive." Id. at 109 (internal citations and quotations omitted).

In United States v. Neumann, No. Civ.A 86-0034-F, 1999 WL 156151 (D.Mass. Mar. 5, 1999), the Court stated:

> In general, discovery is allowed to the extent that it may lead to information relevant to discovery of concealed or fraudulently conveyed assets and "quite clearly entitles a judgment creditor to utilize the full panoply of federal discovery measures, including production of documents under Rule 34." Magnaleasing, Inc. v. Staten Island Mall, 76 F.R.D. 559, 561, n.1 (S.D.N.Y. 1977)(citations omitted). "[T]he presumption should be in favor of full discovery of any matters arguably related to the [creditor's] efforts to trace [the debtor's] asserts and otherwise to enforce its judgment," particularly where the relationship between the debtor and a third party "is sufficient to raise a reasonable doubt about the bona fides of [any] transfer of asserts between them." Credit Lyonnais, S.A. v. SGC Int'l. Inc., 160 F.3d 428, 431 (8th Cir. 1998).

In the instant case, the Court does not find that defendant has met its burden to show that the subpoenas at issue are overly broad or unduly burdensome. The subpoenas are limited both in terms of the type of documents which they request and also in the time frame requested. Additionally, in light of the broad scope of post judgment discovery, and the relationship between Ledar and the other parties named in the subpoenas, the Court finds that the subpoenas issued were proper. Therefore, the Court hereby **DENIES** Defendant's Motion and Amended Motion to Quash Subpoena or in the Alternative for a Protective Order Limiting the Scope of the Subpoena (Docs. # 180, 181).

Date: March 8, 2006      **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri     Fernando J. Gaitan, Jr.
United States District Judge